ANNETTE KINGSLAND ZIEGLER, J. (dissenting).
 

 ¶82 Attorney Hammis stated, both in his brief and at oral argument, that in 2012 he virtually discontinued his legal practice, with the exception of occasionally assisting family members and friends-usually without charge-and performing three to five hours of legal work per month for a longtime corporate client. He no longer has a trust account and does not make his living from practicing law. He stated he has no intention of expanding his legal practice in the future. He has expressed remorse for his admitted misconduct and questions what more he could have done in the past seven years to alleviate concerns that his extremely limited practice would be a threat to his clients or the legal profession.
 

 ¶83 The majority acknowledges that all of the misconduct at issue here occurred prior to 2015, when Attorney Hammis' license
 was suspended for 90 days, and some of the misconduct occurred prior to the four-month suspension imposed in 2011. Indeed, the complaint in this matter was filed nearly five months before the court issued its order imposing the 2015 suspension. The serial nature of the OLR's complaints against Attorney Hammis appears to expose a flaw in Wisconsin's attorney regulatory system. If the misconduct counts at issue in this case and the counts at issue in the case resulting in the 90-day suspension had been prosecuted at the same time, the resulting discipline may well have been less than the three years and three months that was imposed in the two separate cases. In spite of the fact that Attorney Hammis has virtually not practiced law since 2012 and has committed no misconduct since 2015, he is nonetheless being suspended for an additional three years in 2019 for misconduct that occurred long ago. While the passage
 of time should not excuse misconduct, the majority fails to adequately justify why a three-year suspension is warranted given that the previous suspensions were for four months and 90 days and there has been no misconduct in the past four years.
 

 ¶84 The Office of Lawyer Regulation Procedures Review Committee recently filed a series of administrative rule petitions dealing with various aspects of Wisconsin's attorney regulatory system. The Committee was tasked with reporting to this court any recommendations that would increase the efficiency, effectiveness, and fairness of the OLR process. In my view, this case raises issues that warrant the court's review when it takes up the rules petitions.
 

 ¶85 Given the facts and procedural history of this case, I am unable to conclude that a three-year suspension is warranted. Therefore, I respectfully dissent.
 

 ¶86 I am authorized to state that Justice REBECCA GRASSL BRADLEY joins this dissent.